```
                          United States Bankruptcy Court
                           Northern District of Ohio
In re:                                                            Case No. 15-50066-amk
Joseph M. Campbell                                                Chapter 13
Michelle K. Campbell
        Debtors                   CERTIFICATE OF NOTICE
District/off: 0647-5       User: spete              Page 1 of 1           Date Rcvd: Apr 03, 2015
                           Form ID: pdf703          Total Noticed: 13


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 05, 2015.
db/db         +Joseph M. Campbell,   Michelle K. Campbell,   162 E. Bergey Street,   Wadsworth, OH 44281-1322
23458215       Asset Ventures, LLC,    Attn: Legal Dept.,   2625 Manhattan Beach Blvd.,   Suite 100,
                San Marcos, CA 92078
23458216      +First Credit Inc.,   P.O. Box 630838,   Cincinnati, OH 45263-0838
23458217      +Manley Deas Kochalski LLC,   P.O. Box 165028,   Columbus, OH 43216-5028
23458219      +Monarch Recovery Management,   P.O. Box 21089,   Philadelphia, PA 19114-0589
23458218      +Monarch Recovery Management,   10965 Decatur Road,   Philadelphia, PA 19154-3210
23458220      +Ocwen Loan Servicing, LLC,    Attn: Legal Dept.,   1100 Virginia Drive,   Ste. 175,
                Fort Washington, PA 19034-3204
23499074       Wells Fargo Bank, N.A.,   PO Box 10438,   Des Moines, IA 50306-0438
23458221      +Wells Fargo Financial National Bank,    Attn: Legal Department,   P.O. Box 10475,
                Des Moines, IA 50306-0475
23458224      +Westlake Financial Services, Inc.,   Client Processing,   800 Walnut St.,
                Des Moines, IA 50309-3605

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23485074      +E-mail/Text: ebn4av@gmail.com Apr 03 2015 21:01:39      Asset Ventures, LLC,
                2625 Manhattan Beach Blvd.,   Suite 100,   Redondo Beach, CA 90278-1604
23458222      +E-mail/Text: bankruptcynotice@westlakefinancial.com Apr 03 2015 21:01:06
                Westlake Financial Services, Inc.,    Attn: Legal Dept.,   P.O. Box 76809,
                Los Angeles, CA 90076-0809
23458223      +E-mail/Text: bankruptcynotice@westlakefinancial.com Apr 03 2015 21:01:06
                Westlake Financial Services, Inc.,   P.O. Box 54807,   Los Angeles, CA 90054-0807
                                                                                              TOTAL: 3

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Ocwen Loan Servicing, LLC
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2015                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 3, 2015 at the address(es) listed below:
              Donald Luke Ross    on behalf of Debtor Michelle K. Campbell dlross@brownandamodio.com,
               ross.434@outlook.com;ross.donald.luke@gmail.com
              Donald Luke Ross    on behalf of Debtor Joseph M. Campbell dlross@brownandamodio.com,
               ross.434@outlook.com;ross.donald.luke@gmail.com
              Keith Rucinski    efilings@ch13akron.com, krucinski@ecf.epiqsystems.com
              Stacey A O'Stafy    on behalf of Creditor   Ocwen Loan Servicing, LLC amps@manleydeas.com
                                                                                             TOTAL: 4
```



Entered pursuant to Administrative Order No. 14-07:
Kenneth J. Hirz, Clerk of Bankruptcy Court
By: /s/ Stephanie Pete
   Deputy Clerk

**Dated: 12:47 PM April 3 2015**

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE:<br> JOSEPH M. CAMPBELL<br> MICHELLE K. CAMPBELL<br> 162 E. BERGEY STREET<br> WADSWORTH, OH 44281<br><br>    DEBTOR(S) | )<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 13 PROCEEDING<br><br>ORDER CONFIRMING PLAN<br><br>CASE NO. 15-50066<br><br>JUDGE ALAN M. KOSCHIK |

---

The Chapter 13 plan (the "Plan") in this case came on for confirmation at a hearing before the Court. A copy of the Plan is attached to this Order Confirming Plan (the "OCP"). Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor or the debtors, in a joint case, (collectively, the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

A) Notice of the confirmation hearing was duly given.
B) The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1) The Plan is confirmed.
2) The Debtor's Plan is incorporated into this OCP as if fully rewritten herein, provided, however, that should there be any inconsistencies between the Plan and this OCP, this OCP shall control.
3) The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this OCP without further application or notice pursuant to Bankruptcy Code Section 1322(c).
4) Pursuant to Bankruptcy Code Section 1302(b)(4), the Trustee is authorized and permitted to send notices, plan balances and other general information concerning the administration of the Plan directly to the Debtor.

- 1 -

5) The property of this bankruptcy estate shall consist of all items listed in Bankruptcy Code Sections 541 and 1306, including, but not limited to all postpetition assets and income acquired by the Debtor.

6) All property of the estate acquired after the commencement of the case and not reported to the Trustee or scheduled in accordance with Rule 1007(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall remain property of the estate and will not vest in the Debtor upon confirmation under Bankruptcy Code Section 1327(b).

7) All property owned by the Debtor prepetition which is properly disclosed on the petition schedules shall remain in possession of the Debtor and such prepetition property shall vest in the Debtor upon confirmation. Creditors, as that term is defined in Bankruptcy Code Section 101, may not proceed against property which has vested in the Debtor without requesting a hearing pursuant to Bankruptcy Code Section 362.

8) The valuation of secured claims listed in the Plan pursuant to Bankruptcy Code Section 506(a) shall be determined by the Court upon motion and the opportunity for hearing as discussed in the Court's decision in In Re Fiorilli, 196 B.R. 83 (Bankr. N.D. Ohio 1996) and Creditors shall not be bound by valuations made in the Plan and schedules unless this procedure is followed.

9) Creditors seeking to be paid under the Plan must file a proof of claim pursuant to Bankruptcy Rule 3002.

10) Absent an objection or court order, the Trustee shall pay proofs of claim as filed pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3001(f).

11) Pursuant to Bankruptcy Code Sections 521(3) and (4) and Bankruptcy Rule 4002(3) and (4), the Debtor is under a continuing obligation to cooperate with the Trustee and disclose all income and assets.

**RESPONSIBILITY OF THE DEBTOR IN A CHAPTER 13 PLAN**

1) The Debtor agrees to make timely payments in the amount stated in the Plan (the "Plan Payments"). Furthermore, the Debtor agrees to devote all future disposable income to the Plan as required by Bankruptcy Code Sections 1322(a)(1) and 1325(b)(2). A Debtor who is regularly employed must make Plan Payments by payroll deduction, unless the Trustee has consented to an agreed order allowing direct payments. A Debtor who is self-employed or who has other sources of income must make the Plan Payments by money order or certified check. ***The Debtor is responsible for making the Plan Payments to the Trustee by no later than the 20th of each month***.

2) If the Plan provides that the Debtor is to make postpetition mortgage payments directly outside of the Plan, the Debtor agrees to make those postpetition mortgage payments timely.

3) The Debtor must give notice of any change of address to Debtor's attorney, the Trustee and the Clerk of the U.S. Bankruptcy Court.

4) The Debtor is under a continuing obligation during the course of the Plan to consult Debtor's attorney if Debtor is unable to make Plan Payments.

5) The Debtor shall not incur additional debt exceeding $1,000 (One thousand dollars), cumulatively over the life of the Plan, without notice to the Trustee and approval from the Court.

6) The Debtor shall not transfer any interest in real property or automobiles without the Court's approval.

7) The Debtor shall not transfer personal property valued at $1,500 (One thousand five hundred dollars) or more without the Court's approval.

8) If the Debtor seeks to refinance real estate, the Debtor is under an on-going obligation to consult with Debtor's attorney before completing said refinancing. Refinancing must be reviewed by the Trustee and approved by the Court.

9) The Debtor is under a continuing obligation during the Plan to

pay all applicable taxes as such taxes become due, including, but not limited to, (a) income taxes to federal, state, and local taxing authorities, (b) local property taxes and (c) sales and payroll taxes for which the Debtor is personally responsible. The Debtor must timely file all postpetition tax returns. Upon request of the Trustee, the Debtor must supply copies of tax returns to the Trustee during the Plan.

10) Tax refunds in excess of $1,500 (One thousand five hundred dollars), calculated to exclude Earned Income Tax Credits and child and dependant care credits, are property of the bankruptcy estate and must be paid to the Trustee, for the benefit of creditors, for distribution according to the Plan.

11) The Debtor may make application to the Trustee and the Court if the Debtor has a compelling reason to retain tax refunds in excess of $1,500 (One thousand five hundred dollars).

12) The Debtor is under a continuing obligation to maintain homeowner's insurance during the Plan. Furthermore, the Debtor is under a continuing obligation to maintain minimum automobile liability coverage required by Ohio law during the Plan. The Trustee is authorized to request proof of automobile and homeowner's insurance, as the Trustee deems appropriate.

13) A Debtor engaged in self-employment (sole proprietorship, S-corporation, owner of C-corporation, or rental properties) is required semi-annually to supply updated financial information as requested by the Trustee.

**RESPONSIBILITY OF HOLDERS OF SECURED CLAIMS**

1) Holders of secured claims on either real or personal property of the Debtor do not need to seek relief from the automatic stay pursuant to Bankruptcy Code Section 362 for the limited purpose of supplying the Debtor coupon books, notice of a change in address of the creditor, notice of a change in servicing agent for the creditor, annual 1098 tax information, and all other information that provides the Debtor an accounting of payments paid both by the Debtor directly and by the Trustee.

2) All holders of claims secured by mortgages or deeds of trust on real property shall apply payments designated as a cure of prepetition arrearage and paid under the Plan to prepetition payments, and shall apply payments designated as postpetition payments and paid outside the plan after the commencement of the case to on-going postpetition payments.

3) All holders of secured claims shall refrain from imposing late charges on postpetition payments if those payments are paid timely.

4) Provided that the Debtor is current in his/her postpetition mortgage payments and current in his/her plan payments to the Trustee, and is occupying the premises that is subject to the mortgage or deed of trust, holders of claims secured by mortgages or deeds of trust shall refrain from the imposition of monthly inspection fees, attorneys fees, paralegal fees or other type of bankruptcy monitoring fees without prior approval of the Bankruptcy Court, after notice and hearing.

5) All holders of claims secured by mortgages or deeds of trust shall refrain from holding an amount equivalent to more than one month's postpetition payment in a "suspense account" or other similar device that serves to prevent the application to the account of the Debtor's payment of either principal or interest.

6) If the Plan provides that the Trustee is to make the mortgage payment (both prepetition and postpetition), the mortgage payments are deemed timely paid as long as the Debtor is current in payments to the Trustee. This provision does not apply if the Plan provides for payment of postpetition mortgage payments directly by the Debtor outside the Plan.

**PAYMENT OF ATTORNEY FEES IN A CHAPTER 13 PLAN**

- 3 -

1)     Debtor's counsel fees in Chapter 13 cases filed in Akron, Ohio, shall be deemed an administrative expense of the bankruptcy estate pursuant to Bankruptcy Code Section 503(b).  Upon confirmation of the Plan, provided sufficient funds have been paid into the Plan, the Trustee shall commence payment of attorney fees pursuant to Bankruptcy Code Sections 507(a)(1) and 1326(b)(1), subject to Administrative Order No. 12-03.

2)     Debtor's counsel shall remain counsel of record and provide representation on behalf of the Debtor until completion or dismissal of this case, unless said representation has been excused by the Court.  Failure to attend to such representation may result in an order requiring disgorgement of fees.

3)     Pursuant to the disclosure of compensation of Attorney for debtor(s) attorney fees have been requested in the total amount of $3,000.00.

###

Approved:

/s/ Keith L. Rucinski
Keith L. Rucinski, Esquire
Chapter 13 Trustee
One Cascade Plaza. #2020
Akron, OH  44308
Phone:  330-762-6335
Fax:      330-762-7072

- 4 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, AKRON

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 Case No. 15-50066 |
| | ) | |
| JOSEPH M. CAMPBELL | ) | Judge Alan M. Koschik |
| MICHELLE K. CAMPBELL | ) | |
| | ) | ☒ Original Chapter 13 Plan |
| | ) | ☐ _____Amended Chapter 13 Plan** |
| Debtor(s). | ) | ☒ See Paragraph 12 for Special Provisions |

*****************************************************************************************************

**ATTENTION CREDITORS – YOUR RIGHTS MAY BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

_____

** Reason Plan is Being Amended


1.  **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

   A. To the Chapter 13 Trustee (hereinafter "Trustee"): $1,830.00, per month, payable in ☒ monthly ☐ bi-weekly ☐ weekly installments of $_____, each,

   ☒ The Debtor is employed by Republic Powdered Metals, Inc, of 2628 Pearl Road, Medina, Ohio 44256, and shall make payment by payroll deduction in weekly installments of $211.00.

   ☒ The Co-Debtor is employed by Omnicare ESC LLC, of 900 Omnicare Center, 201 East 4th Street, Cincinnati, Ohio 45202, and shall make payment by payroll deduction in bi-weekly installments of $422.00.

1

☐ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

☐ The Debtor is retired and/or has _____ (source of income) and shall make payments to the Trustee by check or money order.

The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2.  **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| Westlake Financial Services (2007 Nissan) | xxx0460 | P.O. Box 54807 Los Angeles, CA 90054-0807 | $108.00 |
| Westlake Financial Services (2008 Hyundai) | unknown | P.O. Box 54807 Los Angeles, CA 90054-0807 | $157.00 |

3.  **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the

Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4. **CLAIMS SECURED BY REAL PROPERTY**

   A. **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | 162 E. Bergey St. Wadsworth, OH 44281 | $13,260.00 | | $368.00 |

   B. **Liens and Other Claims Secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   A. **Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments:

3

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Westlake Financial Services (2007 Nissan) | 2007 Nissan | $3,500.00 | 5.0% | $108.00 |
| Westlake Financial Services (2007 Nissan) | 2008 Hyundai | $5,225.00 | 5.0% | $157.00 |
| Wells Fargo Financial Nat'l Bank | PMSI on Air Conditioner at Residence | $500.00 | 5.0% | $15.00 |

**6.     FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

**7.     DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does     ☒ does not have domestic support obligations pursuant to 11 U.S.C. § 101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

4

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|

8. **OTHER PRIORITY CLAIMS**

**Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.**

| Creditor | Claim Amount |
|---|---|

9. **GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid **9%** (percentage) of timely filed and non disputed general non-priority unsecured claims.

10. **PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|---|---|

**12. SPECIAL PROVISIONS**

1. Debtors intend to file an adversary proceeding against Asset Ventures, LLC to determine the secured value of 162 E. Bergey Street, Wadsworth, Ohio 44281, and to avoid the second mortgage lien, pursuant to 11 USC 506(a), and to treat the second mortgage lien as a wholly unsecured debt, which will be paid according to Article 9 above.

2. Debtors intend to cram down and to treat the difference between the secured value on the 2008 Hyundai and the balance owing as unsecured, which will be paid according to Article 9 above, pursuant to 11 U.S.C. 1325(a).

3. Debtors intend to cram down and to treat the difference between the secured value on the Wells Fargo air conditioner PMSI and the balance owing as unsecured, which will be paid according to Article 9 above, pursuant to 11 U.S.C. 1325(a).

4. **Mortgage Conduit:** Debtors will be paying their regular monthly mortgage payment through the Chapter 13 Plan. The creditor, Ocwen Loan Servicing, LLC, or any of its successors, shall accept the Trustee's payment as being timely made. However, the Debtors shall have the ultimate responsibility of making the monthly Chapter 13 payment in order for the Trustee to make the regular monthly mortgage payment. Accordingly, the Debtors shall see to it that the Trustee receives the payment by no later than the 20th of each month so that the regular monthly mortgage payment can be made. Mortgage payments secured by real estate should be calculated to begin paying $927.00, which does not include the $368.00 arrearage payment as set forth above in Article 4(A), but which does include escrow for real estate taxes and insurance. The Trustee shall not bear responsibility to the mortgage company should the Debtors fail to make the Chapter 13 plan payment timely.

5. The minimum duration of the Debtors' plan shall be the applicable commitment period, which is 36 months.

Dated: 01/12/2015        /s/ Joseph M. Campbel
                          Joseph M. Campbell

Dated: 01/12/2015        /s/ Michelle K. Campbell
                          Michelle K. Campbell

Dated: 01/12/2015        /s/ Donald Luke Ross
                          Donald Luke Ross (0085914)
                          Attorney for Debtor(s)
                          109 W. Liberty Street
                          Medina, OH 44256
                          Phone: (330) 725-8816
                          Fax:   (330) 723-5448