# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION, AKRON

| | |
|---|---|
| In Re: ) | Chapter 13 Case No. 15-50066 |
| ) | |
| JOSEPH M. CAMPBELL ) | Judge Alan M. Koschik |
| MICHELLE K. CAMPBELL ) | |
| ) | |
| ) | |
| Debtor(s). ) | **OBJECTIONS TO PROOFS OF CLAIM** |

Debtors, Joseph M. Campbell and Michelle K. Campbell ("Debtors"), by and through the undersigned, hereby object to the Proofs of Claim #1 and #3 filed in this case for the following reasons:

### Objection to Proof of Claim #1:

Wells Fargo Bank, N.A. ("Wells Fargo") asserts in the Proof of Claim #1 that the debt was incurred in June 2012, that there is purchase money security interest in the Debtors' air conditioning unit, and that the secured value of the air conditioning unit is $1,982.00. The Debtor do not dispute that the debt was incurred in June 2012 and that there is a purchase money security interest in the air conditioning unit. The Debtors dispute the secured value of the underlying collateral, to wit: a 3-year old, used air conditioning unit (the "Collateral"), which has become a permanent fixture of the real estate located at 162. E. Bergey Street, Wadsworth, Ohio 44281.

The Debtors assert a secured value for the Collateral of $500.00. Wells Fargo asserts a secured value for the Collateral of $1,982.00. Pursuant to 11 U.S.C. §506(a), "claims are classified as secured claims to the extent of the value of the property of the estate that serves as collateral for the claim and are classified as an unsecured claims [sic] to the extent that the claim exceeds the value of the collateral." *In re Raymond L. Kemmery*, 14-50999-amk, N.D. Ohio, Memorandum of Opinion dated September 17, 2014, unpublished, citing 11 U.S.C. §506(a).

The Debtors provided for the Collateral in Article 5(a) of their proposed Chapter 13 Plan, and proposed paying $500.00 with interest at 5.00%. In addition, the Debtors specifically indicated in Article 12(3) of their proposed Chapter 13 Plan that they intended to "cram down" the loan and pay the secured value of the Collateral—$500.00—and to treat the difference as unsecured, pursuant to 11 U.S.C. §1325(a).[1] Wells Fargo did not object to the Debtors' proposed treatment of Collateral, and did not object to the proposed Chapter 13 Plan. This Court confirmed the Debtors' Chapter 13 Plan on April 3, 2015. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). Furthermore, a "bankruptcy court order confirming a debtor's Chapter 13 plan is a final judgment." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010).

Pursuant to 11 U.S.C. §§ 506(a), 1325(a) and 1327(a) and *Espinosa*, Wells Fargo's Proof of Claim #1 should be allowed and paid as follows: $500.00 on the secured value, with interest thereon at 5.00%, with the balance of the claim allowed and paid as an unsecured debt. If Wells Fargo wanted anything more than is what is set forth in the Debtors' confirmed Chapter 13 Plan, Wells Fargo should have appealed the final judgment confirming the Chapter 13 Plan. This, however, did not happen.

Wherefore, the Debtors object to Wells Fargo's Proof of Claim #1 to the extent that the secured value of the Collateral is only $500.00, not $1,982.00. The Debtors also object to Wells Fargo's Proof of Claim #1 to the extent that claim should be allowed and paid as set forth in the Debtors' Confirmed Chapter 13 Plan, pursuant to Articles 5(a) and 12(3), and not according to the claim as filed.

### Objection to Proof of Claim #3:

Westlake Financial Services ("WFS") asserts in the Proof of Claim No. 3 that the interest rate that should be allowed and paid on the claim is 14.900%. However, in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), the United States Supreme Court set forth the correct formula for determining an appropriate interest rate on a secured claim under 11 U.S.C. 1325(a)(5)(B)(ii). In *Till*, the Supreme Court interpreted 11 U.S.C. §1325(a)(5)(B)(ii) as "imposing an interest rate on

---

[1] Pursuant to 11 U.S.C. 1325(a), Section 506 shall not apply if the collateral for the debt consists of anything of value, if the debt was incurred during the 1-year preceding that filing. The debt incurred for the Collateral is nearly 3 years old; and, as such, 11 U.S.C. §506 shall apply.

the secured creditor's claim based on a "prime-plus" formula, which is based on the then-current prime interest rate plus an adjusted rate for the risk of non-payment." *In re Raymond L. Kemmery*, *supra*, 14-50999-amk; see also, *In re Taranto*, 365 B.R. 85, 90 (B.A.P. 6th Cir. 2007).

When the Debtors filed their Chapter 13 Petition on January 13, 2015, the prime rate was 3.25%. Although the contract interest rate is 14.900%, the interest rate that should be allowed and paid is 5.0%.

Wherefore, the Debtors object to WFS' Proof of Claim #3 to the extent that the interest rate that should be allowed and paid on the claim is 5.0%, not 14.900%, pursuant to the authority of *Till* and *In re Taranto*. The Debtors also object to WFS' Proof of Claim #3 to the extent that claim should be allowed and paid as set forth in Article 5(a) of the Debtors' Confirmed Chapter 13 Plan, and not according to the claim as filed.

Respectfully submitted,
BROWN, AMODIO & CHANDLER, LPA

Dated:  05/13/2015         /s/ Donald Luke Ross
                           Donald Luke Ross (0085914)
                           Attorney for Debtor(s)
                           109 W. Liberty Street
                           Medina, OH  44256
                           Phone:    (330) 725-8816
                           Fax:      (330) 723-5448
                           Email:    dlross@brownandamodio.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of May, 2015, true and correct copy/copies of the within Objections to Proofs of Claim was/were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties were served by regular U.S. mail, postage prepaid. All parties may access this filing via the Court's electronic filing system. The parties and/or their attorneys were served as follows:

*Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:*

Stacey A O'Stafy on behalf of Creditor Ocwen Loan Servicing, LLC
bankruptcy@mdk-llc.com, anhsmdk@earthlink.net;anhsmdk@zuckergoldberg.com

Donald Luke Ross on behalf of Debtor Joseph M. Campbell
dlross@brownandamodio.com, ross.434@outlook.com;ross.donald.luke@gmail.com

Donald Luke Ross on behalf of Debtor Michelle K. Campbell
dlross@brownandamodio.com, ross.434@outlook.com;ross.donald.luke@gmail.com

Keith Rucinski, Chapter 13 Trustee
efilings@ch13akron.com, krucinski@ecf.epiqsystems.com

*And by regular U.S. mail, postage prepaid, on:*

| | |
|---|---|
| Wells Fargo Bank, N.A.<br>P.O. Box 10438<br>Des Moines, IA  50306-0438<br>(*Per Proof of Claim*)<br><br>Westlake Financial Services, Inc.<br>4751 Wilshire Blvd., Ste. 100<br>Los Angeles, CA  90010<br>(*Per Proof of Claim*)<br><br>Joseph & Michelle Campbell<br>162 E. Bergey Street<br>Wadsworth, Ohio  44281 | |

       /s/ Donald Luke Ross
      Donald Luke Ross 0085914